IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

DELORES BRENNAN,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

    Plaintiff Delores Brennan, by and through undersigned counsel, brings this Complaint and Jury Demand against Defendant Walmart Inc. and states the following in support:

### NATURE OF ACTION

    Plaintiff Delores Brennan ("Brennan" or "Plaintiff") has loyally served as an employee of Defendant Walmart Inc. ("Walmart" or "Defendant") for approximately thirty-five years. Plaintiff brings this action for damages against Walmart as a result of Walmart's discrimination against her because of her mental disability, and Walmart's refusal to accommodate said disability, in violation of the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990)(42 U.S.C. ch. 126 § 12101, et seq.), as amended ("ADA").

### PARTIES

    1.    Plaintiff worked as an employee of Walmart and is a resident of Colorado.

2. Plaintiff is a member of a protected class of individuals as defined by ADA § 12102. Specifically, Plaintiff suffers from a qualifying mental disability that substantially impacts major life activities.

3. Defendant is an employer as defined by ADA § 12111.

4. Defendant is a Foreign Corporation registered in Delaware with a principal office located at 708 SW 8th Street, Bentonville, Arkansas 72716.

5. Plaintiff worked at various Walmart stores in Colorado, including store #5370 in Longmont, Colorado.

6. Defendant employed more than 500 employees during Plaintiff's employment.

## JURISDICTION AND VENUE

7. Jurisdiction is asserted pursuant to the ADA. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

8. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 in that Defendant is a citizen of a foreign state and the amount in controversy exceeds $75,000.00.

9. This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant transacts business in the State of Colorado.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as the Defendant conducts business within this District and the acts alleged by Plaintiff occurred in this District.

## ADMINISTRATIVE HISTORY

11. Plaintiff has timely and properly exhausted her administrative remedies by dual filing an initial Charge of Discrimination alleging disability discrimination on March 7, 2019 with

the Colorado Civil Rights Division ("CCRD") and the Equal Employment Opportunity Commission ("EEOC"), Charge No. FE2019886950 / 32A-2019-00387.

12. This lawsuit is timely filed within ninety (90) days after Plaintiff's receipt of the Notice of Right to Sue from the CCRD served electronically on April 15, 2020.

13. Upon information and belief, Plaintiff has not yet received a Notice of Right to Sue from the EEOC because of delays associated with Covid-19.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

15. Walmart hired Brennan on February 28, 1984 as a UPC Associate in Texas.

16. Brennan performed her job duties satisfactorily and received various promotions into managerial roles during her thirty-five-year tenure at Walmart.

17. Walmart employed Brennan in various positions, including Cashier, Department Manager, Office Specialist, Claims Associate, Softlines Stocker, Competition Shopper, Store Manager, and Shift Manager/Co-Manager.

18. Over the past ten years, Brennan worked at several Walmart stores in Northern Colorado in various positions.

19. Brennan suffers from anxiety and depression, a mental health disability.

20. While typically manageable, Brennan at times will have significant issues triggered by her depression and anxiety that result in fatigue, disruptive behavior, loss of motivation, and difficulty in social settings.

21. Extreme pressure in the workplace can trigger Brennan's anxiety and depression, which at times make it difficult to perform daily activities, including various job-related tasks.

22. Brennan performed her job duties without significant issues related to her mental health disability for years.

23. Beginning September 26, 2009, Brennan worked as a Shift Manager/Co-Manager at Store #953, and then returned to Store #905 as an Office Associate on March 28, 2015.

24. In January 2018, Walmart informed Brennan and other employees that it intended to undergo significant restructuring throughout its stores.

25. At that time, Walmart advised Brennan that it would determine whether she would retain her current position, be demoted, or be terminated from Walmart.

26. Walmart also advised other similarly situated employees of the restructuring and forthcoming employment decisions.

27. Walmart retained Brennan along with seven other similarly situated employees while terminating other employees.

28. On February 3, 2018, Walmart transferred Brennan to Store #5370 in Loveland to work as a Shift Manager/Co-Manager.

29. While at Store #5370, Walmart temporarily assigned Brennan to the position of Store Manager.

30. In March 2018, Walmart issued Brennan her yearly evaluation with an exceeds expectation rating.

31. During May 2018, Walmart transferred Amy Denney ("Denney") to Store #5370 to serve as Store Manager, and Brennan returned to her Shift Manager/Co-Manager position.

32. During the transition and restructuring, Walmart placed significant pressure on its employees.

33. This additional pressure resulted in Brennan suffering from triggers associated with her anxiety and depression.

34. During August and September 2018, work expectations continued to increase at Walmart and Brennan began having significant issues with her mental health.

35. On or about September 17, 2018, Brennan requested a reasonable accommodation by asking Robert Trujillo ("Trujillo"), Market Manager, if she could step down to an hourly position where she could work less hours and decrease her stress.

36. Trujillo initially agreed to Brennan's request but then later retracted his decision.

37. Trujillo wanted Brennan to remain in her position because of the upcoming busy season and requested that she wait until January 2019 to step down to a position with less responsibility.

38. Walmart refused to accommodate Brennan's request to step down to an open, hourly position.

39. On September 24, 2018, Brennan requested a medical leave of absence to address her mental health.

40. In January 2019, Brennan sought to return to an open position at Walmart once she was released to work on January 14, 2019.

41. Brennan contacted human resources and requested that she be allowed to return to work in a lesser position with reduced duties and hours so that she could better manage her mental health disability.

42. Sedgwick, Walmart's agent and leave of absence manager, offered Brennan a reasonable accommodation to move to a non-managerial position and waived any transfer requirements.

43. After requesting a demotion, Lisa Stanco ("Stanco"), the Market Human Resources Manager, and Trujillo denied Brennan's request for a demotion and refused to allow Brennan to transfer to another market.

44. Brennan sought to appeal the decision of the market team on January 14, 2019.

45. Thereafter, Brennan applied to four open positions for which she was qualified.

46. On or about January 24, 2019, Brennan interviewed for an open position as Department Manager at Store #905.

47. On or about January 28, 2019, Rick Caputa, Store Manager #905 declined to hire Brennan because allegedly he felt it would be uncomfortable to work with a former salaried manager.

48. Walmart refused to allow job reassignment as a potential reasonable accommodation for Brennan despite Brennan's numerous attempts.

49. Brennan then contacted the Walmart ethics hotline about the discriminatory conduct on or about February 13, 2019, with a follow up email on March 3, 2019. Walmart failed to provide Brennan with a response to her inquiry.

50. Brennan submitted additional applications to open positions between March and June 2019, but all were denied.

51. Despite Brennan's numerous attempts to return to Walmart in open positions at various locations, Walmart continued to block Brennan's requests.

52. Upon information and belief, Walmart continues to keep Brennan on an unpaid leave of absence and has not terminated Brennan's employment.

53. Brennan remains a Walmart Associate and is eligible to apply for open positions, yet Walmart refuses to allow her to return to work in any capacity.

54. As such, Brennan has been unable to earn wages from Walmart for over 18 months despite qualifying for numerous open positions.

## FIRST CAUSE OF ACTION
### Disability Discrimination - ADA § 12112

55. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

56. Defendant is an employer as that term is defined under the ADA.

57. Brennan suffer from a mental disability that substantially impact major life activities for Brennan and is a qualifying disability under the ADA.

58. Defendant knew that Plaintiff suffered from a qualifying disability and was disabled pursuant to the ADA.

59. Defendant has willfully and intentionally subjected Brennan to disability discrimination by refusing to provide her the requested reasonable accommodations of demotion and reassignment when she applied for numerous open positions for which she was qualified.

60. Defendant knew its actions violated the ADA, or in the alternative, it acted recklessly indifferent in that regard.

61. As a direct and proximate result of the foregoing actions and conduct of Walmart, Brennan has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering,

humiliation, mental anguish, and inconvenience. Brennan also seeks attorney's fees, costs and expenses, and other damages to be determined at trial.

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Delores Brennan prays for judgment against Defendant Walmart Inc. in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, attorney's fees, and for such other and further relief as provided by statute and that the Court may deem proper.

Dated: July 14, 2020.

        Respectfully submitted,

        */s/Andrew C. Quisenberry*
        Andrew C. Quisenberry, Esq.
        BACHUS & SCHANKER, LLC
        101 West Colfax Avenue, Suite 650
        Denver, CO 80202
        Telephone: 303.893.9800
        Facsimile: 303.893.9900
        Andrew.Quisenberry@coloradolaw.net

        *Attorney for Plaintiff*